# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF PUERTO RICO

IN RE: **LORENZANA VAZQUEZ MILDRED**
       **FDBA VIRTUAL OFFICE SOLUTIONS,**

BK. CASE # **09-05431**

CHAPTER 13

DEBTOR(S)

## CHAPTER 13 PAYMENT PLAN

**NOTICE:** The following plan contains provisions which may significantly affect your rights. You should read this document carefully and discuss it with your attorney. When confirmed, the plan will bind the debtor and each creditor to its terms. Objections must be filed in writing with the court and served upon the debtor(s), debtors' counsel, the Trustee and any other entity designated by the Court, at the 341 meeting of creditors or not less than twenty (20) days prior to the scheduled confirmation hearing. For post confirmation Plan Modifications, objections must be filed and notified in the same manner within twenty (20) days from its ontification. **This plan does not allow claims. Any party entitled to receive disbursements form the Trustee must file a proof of claim. The Trustee will pay the allowed claims, as filed, provided for in the plan, unless disallowed or expressly modified by the Court and/or the terms of the plan. If no claim is filed, the Trustee will not pay a creditor provided for in the plan, unless ordered by the Court. If the Trustee is to make POST-PETITION REGULAR MONTHLY PAYMENTS to any Secured obligation, then a proof of claim must be filed including the following information: account number, address, due date and regular monthly payment. Secured creditor must notify any change in the monthly payment, three (3) months prior to the effective date of new payment. Those post-petition monthly payments will not exceed the life of the plan.** See the notice of commencement of case for 341 meeting date and claims bar date, the latter is the date by which a proof of claim must be filed in order to participate of the plan distribution.

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall make payments to the Trustee [✓] directly [ ] by payroll deductions as hereinafter provided in the PAYMENT PLAN SCHEDULE.
2. The Trustee shall distribute the funds so received as hereinafter provided in the DISBURSEMENT SCHEDULE.
3. The Confirmation Order will not vest property of the Estate on Debtor(s) until the Order discharging Debotr(s) is entered.

**PLAN DATED:** *JULY 01, 2009*    [ ] **AMENDED PLAN DATED:**
[✓] PRE   [ ] POST-CONFIRMATION    FILED BY [ ] DEBTOR [ ] TRUSTEE [ ] UNSECURED

### I. PAYMENT PLAN SCHEDULE

| $ | 600.00 | x | 48 | = | 28,800.00 |
| $ | | x | | = | |
| $ | | x | | = | |
| $ | | x | | = | |
| $ | | x | | = | |
| | TOTAL | = | 48 | | 28,800.00 |

Additional Payments:
$ 0.00 to be paid as LUMP SUM within _____ with proceeds to come from
[ ] Sale of property identified as follows:
_____
[ ] Other: _____

Periodic Payments to be made other than, and in addition to the above.
$ ____ x ____ = ____
To be made on:

**PROPOSED PLAN BASE:** $ **28,800.00**

### II. ATTORNEY'S FEES

To be treated as a § 507 Priority, and paid before any other creditor and concurrently with the Trustee's fees, unless otherwise provided:

| a. Rule 2016(b) Statement: | $ 3,000.00 |
| b. Fees Paid (Pre-petition): | $ 800.00 |
| c. R 2016 Outstanding balance: | $ 2,200.00 |
| d. Post Petition Additional Fees: | $ 0.00 |
| e. Total Compensation: | $ 3,000.00 |

Signed: **/s/ LORENZANA VAZQUEZ MILDRED**
                    DEBTOR

                    JOINT DEBTOR

### II. DISBURSEMENT SCHEDULE SEQUENCE

**A. SECURED CLAIMS**
[ ] Debtor represents that there are no secured claims.
[✓] Secured creditors will retain their liens and shall be paid as follows:

ADEQUATE PROTECTION PAYMENTS CR **FORD MOTOR CREDIT CO** $ **100.00**

[✓] Trustee will pay secured ARREARS:

| Cr. **CITI MORTGAGE** | Cr. _____ | Cr. _____ |
| # **7815** | # _____ | # _____ |
| $ **4,180.00** | $ _____ | $ _____ |

[✓] Trustee will pay IN FULL Secured Claims

| Cr. **CONSEJO TITULARES AT** | Cr. **FORD MOTOR CREDIT CO** | Cr. **ORIENTAL GROUP** |
| $ **690.00** | $ **3,050.31** | $ **3,756.00** |

[ ] Trustee will pay VALUE OF COLLATERAL

| Cr. _____ | Cr. _____ | Cr. _____ |
| $ _____ | $ _____ | $ _____ |

[ ] Secured Creditor's interest will be insured.  **INSURANCE POLICY** will be paid through plan:
Cr. _____  Ins Co. _____  Premium: $ _____
(Please indicate in "Other Provisions" the insurance coverage period)

[ ] Debtor SURRENDERS COLLATERAL to Lien Holder: _____
[✓] Debtor will maintain REGULAR PAYMENTS DIRECTLY to:
**CITI MORTGAGE**

**B. PRIORITIES** The Trustee will pay §507 priorities in accordance with the law. [§1322 (a)(2)]
[✓] **INTERNAL REVENUE SERV.**

**C. UNSECURED PREFERRED:** Plan [ ] Classifies  [✓] Does not Classify Claims.
[ ] Class A:  [ ] Co-Debtor Claims /  [ ] Paid 100% /  [ ] "Pay Ahead":
[ ] Class B.  [ ] Other Class: _____

| Cr. _____ | Cr. _____ | Cr. _____ |
| $ _____ | $ _____ | $ _____ |

**D. GENERAL UNSECURED NOT PREFERRED:** (Case Liquidation Value = $ **0.00**)
[ ] Will be paid 100% plus ____% Legal Interest.  [✓] Will be paid Pro-Rata from any remaining funds

**OTHER PROVISIONS:**
**ATTORNEY'S FEES TO BE PAID FIRST**
**ADEQ. PROT. FMCC $100. X 6; FMCC EMA $350. X 10; FMCC MD (10-2009)**
**INS BY TRIPLE S THRU PLAN;  EMA CITIMORTGAGE $50. X 24 & $400 X 8.**
**EMA CONSEJO TITULARES ATRIO REAL $100. X 7.**

ATTORNEY FOR DEBTOR: **WILLIAM DAVILA DE PEDRO ESQ**    PHONE: **(787)759-8090**